UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| BRENT B. SAYDMAN,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>NANCY A. BERRYHILL, Deputy Commissioner of Operations, performing duties and functions not reserved to the Commissioner of Social Security,[1]<br><br>　　　　　Defendant. | Case No. SA CV 17-00702-DFM<br><br>MEMORANDUM OPINION AND ORDER |

Brent B. Saydman ("Plaintiff") appeals from the Social Security Commissioner's final decision denying his applications for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). For the reasons discussed below, the Commissioner's decision is reversed and this matter is remanded for further proceedings.

---

[1] On January 23, 2017, Berryhill became the Acting Commissioner of Social Security. Thus, she is automatically substituted as the defendant under Federal Rule of Criminal Procedure 25(d).

# I.

# BACKGROUND

In August 2011, Plaintiff filed applications for DIB and SSI alleging disability beginning on February 1, 2010. See Administrative Record ("AR") 348-49, 350-58. His application was denied initially and on reconsideration. See AR 167-73. An Administrative Law Judge ("ALJ") held a hearing on April 9, 2013. See AR 45-62. The ALJ then issued a decision denying Plaintiff's claim three days later. See AR 145-61. In July 2014, the Appeals Council vacated the ALJ's decision and remanded Plaintiff's application for further proceedings. See AR 162-66. On remand, the same ALJ held a second hearing and ordered a psychiatric examination of Plaintiff. See AR 33-44.

A different ALJ held a third hearing on Plaintiff's application on February 3, 2016. See AR 63-121. A vocational expert ("VE") testified at this hearing. See AR 108-20. The new ALJ issued an unfavorable decision on May 17, 2016. See AR 9-32. In the decision, the ALJ determined Plaintiff had not engaged in substantial gainful activity since the disability onset date. See AR 14-15. The ALJ further found that Plaintiff had severe impairments of angina, coronary artery disease, obesity, major depressive disorder, and anxiety disorder. See AR 15. The ALJ determined that Plaintiff's impairments did not meet one or more conditions in the Listing of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. See id.

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds; stand and/or walk for 6 hours in an 8-hour workday; sit for 6 hours in an 8-hour workday; occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl; never climb ladders, ropes, or scaffolds; avoid concentrated exposure to extreme cold, extreme heat, and workplace hazards such as dangerous moving machinery and unprotected heights. See AR 17.

The ALJ further held that Plaintiff was limited to non-complex routine tasks, no tasks requiring hypervigilance, no interaction with the public, and occasional tasks requiring direct teamwork. See id.

Based on his RFC, the ALJ found that Plaintiff was no longer capable of performing his past relevant work as a program director, building inspector, office manager, rabbi, college professor, or home attendant. See AR 25. Based on the VE's testimony, the ALJ found that given Plaintiff's age, education, work experience, and RFC, Plaintiff could work as a marking clerk, a routing clerk, or a cleaner. See AR 25-26. The ALJ accordingly concluded that Plaintiff was not disabled. See AR 26.

On February 14, 2017, the Appeals Council denied review of the ALJ's decision, which became the final decision of the Commissioner. See AR 1-3. Plaintiff then sought this Court's review. See Dkt. 1.

## II.
## DISCUSSION

The parties dispute whether the ALJ erred in (1) evaluating the opinions of Plaintiff's treating and examining physicians, (2) evaluating the opinions of Plaintiff's lay witnesses, (3) evaluating Plaintiff's subjective symptom testimony, and (4) determining Plaintiff's RFC. See Dkt. 18, Joint Stipulation ("JS") at 3. Because the Court concludes that the ALJ failed to provide specific and legitimate reasons for rejecting the opinions of Plaintiff's treating and examining physicians, the Court does not reach the remaining issues and will not decide whether those issues would independently warrant relief.[2]

///
///

---

[2] Upon remand, the ALJ may wish to consider Plaintiff's other claims of error.

3

**A.     Applicable Law**

Three types of physicians may offer opinions in Social Security cases: those who treated the plaintiff, those who examined but did not treat the plaintiff, and those who did neither. See 20 C.F.R. §§ 404.1527(c), 416.927(c); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (as amended).[3] A treating physician's opinion is generally entitled to more weight than an examining physician's opinion, which is generally entitled to more weight than a nonexamining physician's. See Lester, 81 F.3d at 830. When a treating or examining physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing reasons." Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008) (citing Lester, 81 F.3d at 830-31). Where such an opinion is contradicted, the ALJ may reject it for "specific and legitimate reasons that are supported by substantial evidence in the record." Id. (citations omitted); see also Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014). Moreover, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); accord Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001); Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999) ("Opinions of a nonexamining, testifying medical advisor

---

[3] Social Security Regulations regarding the evaluation of opinion evidence were amended effective March 27, 2017. Where, as here, the ALJ's decision is the final decision of the Commissioner, the reviewing court generally applies the law in effect at the time of the ALJ's decision. See Lowry v. Astrue, 474 F. App'x 801, 805 n.2 (2d Cir. 2012) (applying version of regulation in effect at time of ALJ's decision despite subsequent amendment); Garrett ex rel. Moore v. Barnhart, 366 F.3d 643, 647 (8th Cir. 2004) ("We apply the rules that were in effect at the time the Commissioner's decision became final."). Accordingly, citations to regulations herein are to the version in effect on May 17, 2016.

4

may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it."). The weight accorded to a physician's opinion depends on whether it is consistent with the record and accompanied by adequate explanation, the nature and extent of the treatment relationship, and the doctor's specialty, among other factors. See 20 C.F.R. §§ 404.1527(c), 416.927(c).

**B.  Analysis**

Dr. Robert V. Eller was Plaintiff's treating physician from 2011 to 2013. See, e.g., AR 474-75, 514-15, 526-31, 565-66. Dr. Eller completed a physical RFC questionnaire on February 28, 2013. See AR 560-64. In his responses, Dr. Eller stated that Plaintiff was "incapable of working even 'low-stress' jobs" and would likely be absent from work more than four days per month as a result of his impairments. See AR 561, 563. He also stated that Plaintiff could sit and stand/walk each for less than 2 hours in an 8-hour work day. See AR 562. He diagnosed Plaintiff with coronary artery disease and major depression and described his prognosis as "stable." AR 560.  Dr. Eller indicated that Plaintiff was not malingering and that emotional factors contributed to the severity of his symptoms and functional limitations. See AR 561.

Dr. Roberta G. Wyman was Plaintiff's treating psychologist from December 2014 to 2016, seeing Plaintiff weekly for 50 minutes per session. See AR 651-52. She noted that Plaintiff's "mood is dyspho[r]ic much of the time, which affects his judgment and energy level." AR 651. Dr. Wyman completed a mental RFC questionnaire in which she stated that Plaintiff would be severely limited, though not precluded, from completing a normal workday and workweek without interruptions from "psychologically based symptoms." AR 653. She indicated that Plaintiff's impairments would cause Plaintiff to be absent from work about one day per month. See AR 654.

Dr. John S. Godes examined Plaintiff on October 31, 2014. See AR 581.

Dr. Godes's narrative report stated that Plaintiff was able to stand or walk for 2 hours of an 8-hour work day and sit for 6 hours of an 8-hour work day. See AR 585. A medical source statement completed by Dr. Godes on the same date indicated that Plaintiff could stand or walk for 2 hours of an 8-hour work day and sit for 8 hours of an 8-hour work day. See AR 590.

The ALJ gave "little weight" to all three opinions. The ALJ explained that she gave little weight to Dr. Eller's opinions because they were "not consistent with the record as a whole, e.g., generally unremarkable physical examinations and normal to mild x-rays/exercise nuclear stress test findings as discussed above." AR 23. Likewise, the ALJ gave little weight to Dr. Wyman's opinions because they were "not consistent with the record as a whole, e.g., no more than moderate mental status examinations as discussed above." AR 24. The ALJ gave little weight to Dr. Godes's opinion because he did not have the benefit of reviewing other medical records and his opinions were not consistent with the record in its entirety. See AR 24. The ALJ also noted the inconsistency between Dr. Godes's narrative report and his medical source statement. See id.

The specific and legitimate burden requires the ALJ to set out a "detailed and thorough summary of the facts and conflicting medical evidence, stating his interpretation thereof, and making findings." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ's conclusory statement that the treating sources' opinions were "not consistent with the record" does not satisfy the ALJ's burden; adding references like "unremarkable physical examinations" and "normal to mild x-rays" does not rescue this insufficiency. See Leonard v. Berryhill, No. 16-1330, 2017 WL 4990467, at *3 (C.D. Cal. Oct. 30, 2017) (concluding that similar basis for discounting physicians' opinions—that opinions were "not consistent with the record as a whole, e.g., generally unremarkable physical examinations and mild MRI/x-ray findings as

6

discussed above"—was not a specific and legitimate reason).

The decision whether to remand for further proceedings is within this Court's discretion. See Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000) (as amended). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. See id. at 1179 (noting that "the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"); Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).

A remand is appropriate, however, where there are outstanding issues that must be resolved before a determination of disability can be made and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated. See Bunnell v. Barnhart, 336 F.3d 1112, 1115-16 (9th Cir. 2003); see also Garrison, 759 F.3d at 1021 (explaining that courts have "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."). Here, remand is appropriate for the ALJ to properly evaluate the physicians' opinions and conduct such other proceedings as are warranted.

### III.
### CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is REVERSED and the action is REMANDED for further proceedings.

Dated: September 27, 2018

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge

7